IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIDNEY A. POTTS,                                          CV. 05-1927-MO

        Petitioner,                                 ORDER TO DISMISS

   v.

CHARLES DANIELS,

        Respondent.

MOSMAN, District Judge

    Petitioner, an inmate at FCI-Sheridan, brings this action pursuant to 28 U.S.C. § 2241 attempting to challenge his 175-month federal criminal sentence.  For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is summarily dismissed.

**BACKGROUND**

    On January 28, 1998, a jury in the District of Alaska found petitioner guilty of conspiracy to possess and distribute cocaine, and of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1). The convictions resulted in a 175-month sentence which petitioner challenged on direct appeal.  Specifically, petitioner alleged that the trial court

1 - ORDER TO DISMISS

unlawfully enhanced his sentence based on conduct that was neither charged in the indictment, nor presented to the jury.  On November 16, 2000, the Ninth Circuit Court of Appeals affirmed the trial court in an unpublished opinion.

Petitioner next filed for collateral relief with a 28 U.S.C. § 2255 motion challenging the alleged sentencing enhancement, but the District of Alaska denied relief on the motion on January 30, 2003.  Petitioner unsuccessfully sought a certificate of appealability, and his petition for writ of certiorari was also denied.

On December 21, 2005, petitioner filed this 28 U.S.C. § 2241 habeas corpus case.  He alleges that the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), render his continued confinement invalid because they clearly show that sentencing enhancements based on a factual finding made by a judge rather than a jury are improper.  Petitioner asks the court to order his immediate release.

## **STANDARDS**

Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."  The only habeas corpus action covered by Rule 1(a) is the 28 U.S.C. § 2254 action.  Accordingly,

2 - ORDER TO DISMISS

the court elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241.

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

## DISCUSSION

Generally, a 28 U.S.C. § 2241 petition is the proper method in which to challenge the manner, location, or conditions of a sentence's execution. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). Section 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); Hernandez, 204 F.3d at 864.

3 - ORDER TO DISMISS

In the present case, petitioner is clearly attempting to use 28 U.S.C. § 2241 to challenge the legality of his sentence. He justifies his use of § 2241 for this purpose by alleging that <u>Blakely</u> and <u>Booker</u> were decided after his § 2255 motion was denied. The court need not decide whether the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u> rendered the § 2255 remedy inadequate to test the legality of petitioner's sentence because those cases do not apply retroactively to convictions, such as petitioner's, which became final prior to those decisions. <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005). Accordingly, the Petition is summarily dismissed.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is summarily DISMISSED.

IT IS SO ORDERED.

DATED this _2___ day of March, 2006.

                                      /s/Michael W. Mosman
                                      Michael W. Mosman
                                      United States District Judge